

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Murray

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Murray" (2006). *2006 Decisions*. Paper 1426.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1426

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3672

———

UNITED STATES OF AMERICA,

v.

RODNEY MURRAY
a/k/a
RODNEY MILLER

Rodney Murray,
　　　　　　　Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-32)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, Circuit Judges, and RESTANI,* Judge.

(Filed: March 15, 2006 )

---

*Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

1

FUENTES, Circuit Judge.

Rodney Murray ("Murray") appeals his conviction arising from a multi-defendant drug conspiracy case. Murray argues that his sentence violates United States v. Booker, 543 U.S. 220 (2005), because the District Court improperly found that Murray had possessed a firearm, which was relevant to his sentencing guideline calculation. For the reasons stated below, we will affirm Murray's sentence.

## I. Background

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Murray, along with 36 co-defendants, was indicted for participating in a massive cocaine and crack conspiracy that spanned Philadelphia, western Pennsylvania, Delaware, and other locations. Murray was charged with, and pled guilty to, the following: conspiracy to distribute cocaine and crack cocaine, in violation of 18 U.S.C. § 846; two counts of distributing more than five grams of crack cocaine, in violation of 18 U.S.C. § 841(a); two counts of distributing more than five grams of crack cocaine within 1,000 feet of a school property, in violation of 18 U.S.C. § 860(a); and two counts of using a telephone in furtherance of a drug crime, in violation of 21 U.S.C. § 843.

At Murray's sentencing hearing, the District Court, following its view of the requirements of <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), held that Murray was responsible only for the weight of cocaine and crack cocaine alleged in the indictment, which resulted in an offense level of 32, plus one additional level for distribution within 1,000 feet of school property. The District Court overruled Murray's objection to the two-level enhancement for possessing a firearm, holding that Murray had admitted using a firearm on at least one occasion. Murray was then given credit for acceptance of responsibility, which reduced his total offense level to 32. The District Court then found that, based on Murray's total offense level of 32 and his criminal history category of VI, Murray's guideline range was 210-262 months. The District Court imposed a prison sentence of 250 months.

## II. Discussion

Murray appeals only his sentence, arguing that the District Court engaged in fact-finding that violated his Sixth Amendment rights under <u>United States v. Booker</u>, 543 U.S. 220 (2005). Specifically, Murray contends that the District Court violated <u>Booker</u> when it imposed a two-level increase to his guidelines offense level for possession of a firearm based on the District Court's finding that Murray had possessed a firearm. We disagree.

Murray acknowledges that on March 16, 1999, while this case was under investigation and he was incarcerated on unrelated state charges, he gave a written statement in which he explained his involvement with the drug conspiracy at issue here.

As part of this written statement, Murray stated that he was involved in "at least 20 shootings" in furtherance of the conspiracy. Over four years later, Murray moved to suppress the March 16, 1999 written statement, claiming that it was coerced and that he exaggerated his involvement in the conspiracy in order to appease law enforcement officials. The District Court denied Murray's suppression motion, and Murray eventually pled guilty to the charges against him. At sentencing, the District Court imposed a two-level increase to Murray's total offense level based on his statements in the written confession about firearm possession.

Murray's argument that the District Court violated Booker by imposing the dangerous weapon enhancement based on judicially found facts is without merit. As noted above, the District Court made its finding concerning Murray's gun possession based on Murray's own admissions contained in his March 16, 1999 written statement. Because Murray has not provided any reason why the District Court's use of his admissions violates Booker, we will affirm the District Court's imposition of a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1).

## III. Conclusion

For the reasons stated above, we will affirm Murray's sentence.

———

4